UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SAMMY JAMES DOUSE,

        Plaintiff,

vs.                    Case No.  2:04-cv-453-FtM-99DNF

JAMES V. CROSBY, CHESTER LAMBDIN,
J.M. BLACKWOOD, J.L. HOWDESHELL,
T.N. REID,

        Defendants.
_____

**<u>OPINION AND ORDER</u>**

     This matter comes before the Court upon periodic review of the file. Plaintiff initiated this action by filing a civil rights complaint form (Doc. #1) on September 9, 2004. Plaintiff's Complaint alleges an Eighth Amendment violation stemming from a June 25, 2004 incident in which Plaintiff alleges he was subjected to a "brutal[] assault" by an unidentified assailant. Plaintiff claims the Department of Corrections "employees" failed to prevent the assault or protect Plaintiff from the assault. Plaintiff's Complaint, page 9. Plaintiff claims as a result of the assault he sustained a "minor injury." <u>Id.</u> Plaintiff seeks compensatory and punitive damages as relief. <u>Id.</u> page 10.

     The Court twice ordered Plaintiff to submit the necessary service forms for the Court to effectuate service of process (Docs. #13 and #15). Plaintiff submitted only service forms for two of

the named defendants: James Crosby, former Secretary of the Department of Corrections and Chester Lambdin, former Warden at Charlotte Correctional Institute.  As of the date of this Order, Plaintiff has failed to return service forms for Defendants J.M. Blackwood, J.L. Howdeshell, and T.N. Reid.

**I.**

While, an *in forma pauperis* plaintiff is entitled to rely on the court officers and the U.S. Marshal to effect proper service, Fowler v. Jones, 899 F.2d at 1088, 1095 (11th Cir. 1990), when a plaintiff fails to provide the Court with any addresses for the defendants, the Court cannot meet this responsibility. Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987)[1]; See also 28 U.S.C. § 1915(d).  The Court is also responsible for seeing that its limited resources are allocated in a way that promotes the effective and efficient administration of the judicial system.

Pursuant to Fed. R. Civ. P. 4(m), a district court may dismiss an action on its own motion if service is not perfected within 120 days after the filing of the complaint.  Even though a plaintiff is appearing *pro se,* "[a] plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which the plaintiff has

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

knowledge.'" <u>Salas   v.   Tillman</u>,   2006   WL   122426   (11th   Cir. 2006)(quoting <u>Fowler v. Jones</u>, 899 F.2d at 1095 (citing <u>Rochon v. Dawson</u>, 828 F.2d at 1110)).   Consequently, the Court will dismiss Plaintiff's Complaint without prejudice pursuant to Fed. R. Civ. P. 4(m) as to Defendants J.M. Blackwood, J.L. Howdeshell, and T.N. Reid.

**II.**

Although Plaintiff submitted the necessary service forms for Defendants Crosby and Lambdin, because Plaintiff seeks to proceed in this action *in forma pauperis* (Doc. #2), the Court is required to review Plaintiff's *pro se* Complaint to determine whether the complaint is frivolous, malicious or fails to state a claim. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).   In essence, § 1915(e)(2) is a screening process, to be applied <u>sua</u> <u>sponte</u> and at any time during the   proceedings.   <u>See</u>   28   U.S.C.   §   1915(e)(2).   The   Court, nonetheless, must read Plaintiff's <u>pro</u> <u>se</u> allegations in a liberal fashion.   <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) <u>reh'g</u> <u>denied</u> 405 U.S. 948 (1972); <u>see</u> <u>also</u> <u>Miller v. Stanmore</u>, 636 F.2d 986, 988 (5th Cir. 1981).

A complaint filed <u>in</u> <u>forma</u> <u>pauperis</u> which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989). Rather, the test for granting a § 1915 dismissal is whether the claim lacks arguable merit either in law or fact. <u>Neitzke v. Williams</u>, 490 U.S.

319, 325 (1989); <u>see</u> <u>also</u> <u>Mitchell v. Brown & Williamson Tobacco</u> <u>Corp.</u>, 294 F.3d 1309 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001).   Additionally, § 1915 requires dismissal when the legal theories advanced are "indisputably meritless," <u>Nietzke</u> at 327; when the claims rely on factual allegations which are "clearly baseless" <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); or, when it appears that the plaintiff has little or no chance of success.  <u>Bilal</u>, at 1349.

Neither Defendant Crosby or Lamdin are mentioned anywhere in Plaintiff's Complaint, except on the caption page and in the section identifying the names and addresses of the defendants. Complaint, pages 6-7.  Thus, it is clear that neither of these Defendants in any way directly participated in the alleged constitutional deprivation.  <u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th Cir.) <u>cert.</u> <u>denied</u> 500 U.S. 933 (1990).  Rather, it appears that Plaintiff attributes liability against Defendants Crosby and Lambdin solely on the basis of their respective supervisory positions as Secretary of the Department of Corrections and Warden of Charlotte Correctional Institution.  These Defendants' supervisory positions, without more, does not subject them to liability.  <u>Mondell v. Dep't of Social Servs.</u>, 436 U.S. 658, 690-692, 98 S. Ct. 2018, 2036 (1978);  <u>McDowell v. Brown</u>, 392 F.3d 1283 (11th Cir. 2004); <u>LaMarca v. Turner</u>, 995 F.2d 1526, 1538 (11th Cir. 1993), <u>cert.</u> <u>denied</u>, 510 U.S. 1164, 114 S. Ct. 1189 (1994).  Nor does Plaintiff's  Complaint contain any allegations of a policy,

-4-

custom or practice that was the "moving force" behind the alleged misconduct. <u>Board of County Commissioners v. Brown</u>, 117 S. Ct. 1382, 1388 (1997); <u>McDowell v. Brown</u>, 392 F.3d 1283 (11th Cir. 2004); <u>see also</u> <u>Jones v. Cannon</u>, 174 F.3d 1271, 1292 (11th Cir. 1999), <u>Tennant V. Florida</u>,111 F. Supp. 2d 1326 (S.D. Fla. 2000). Consequently, the Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants Crosby, Moore and Cameron under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)). Thus, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) as to Defendants Crosby and Lambdin.

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m) as to Defendants J.M. Blackwood, J.L. Howdeshell, and T.N. Reid.

2.   Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as to Defendants Crosby and Lambdin.

3   The **Clerk of the Court** shall: 1) enter judgment dismissing this case without prejudice; 2) terminate any outstanding motions; and 3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___2nd___ day of August, 2006.

_____
JOHN E. STEELE
United States District Judge

SA:   hmk

Copies: All Parties of Record